May it please the Court, my name is Amy Baggio and I represent the petitioner, Felton Lamar Gray. In 1999, Felton Gray was acquitted of murder, but convicted by a non-unanimous jury voting 10-2 to convict him of manslaughter. In arriving at its decision, the jury had to decide whether Felton Gray acted in self-defense when he killed his friend, 6'5", 290 pound, former NFL linebacker Marquise Thomas. Mr. Thomas and other men had come to Mr. Gray's apartment after a long night of drinking to confront Mr. Gray about a fight that had occurred earlier in the evening. During the seven days of trial testimony, the record is marked by repeated incidences of trial counsel's ineffective representation. One of those examples involves the 9-1-1 evidence in this case. Specifically, trial counsel opened to the jury on the fact that the men who went with Mr. Thomas to Mr. Gray's apartment that night ran away and did not call 9-1-1 after Mr. Gray discharged the firearm. The ineffective assistance of counsel failure to get the 9-1-1 records, wasn't that part of the denial of the Certificate of Appealability by the District Court because the claim was unexhausted? Your Honor, that is correct. However, I submit to the Court that the other incidences of ineffectiveness are relevant to this Court's determination as to the prejudice for the certified issue. Under Strickland, we look at the entire representation in order to... Certified and uncertified? I beg your pardon? Certified issues and uncertified issues? The facts, Your Honor. The facts leading up to... Why don't you start talking about what's before us as a certified issue? Yes, Your Honor. As for the specific issue certified by the District Court, the issue as to the character evidence and whether Mr. Gray made a sufficient showing of prejudice with regard to the character evidence... Now, are we talking about the character evidence of Mr. Gray or the character evidence of the victim? There were actually two groups of witnesses, Your Honor. One group who would testify as to the peaceful nature of Mr. Gray, and a second group who would testify as to the victim's reputation for aggressive behavior. Your Honor, there are no cases, state or federal, that precisely fit the parameters of this case. In this case, Mr. Gray named the specific witnesses needed and the specific witnesses that his counsel failed to bring to testify at trial. The witnesses were available and... I'm not posing a problem for you in your argument. I imagine, theoretically, all these things would happen, but do you think the jury might have been at least tempted to consider what was doing... Your Honor, I agree in part with what you're saying. The importance... You don't have to, but it's there. No. It's a fact of the case. It is a fact, but I believe we have to look at that fact in the larger context. Specifically, that it is true Mr. Gray had the gun in his apartment. No, no, in his hand. In his hand, in his apartment. I was going to get to that, Your Honor. It was in his apartment. When you say in his apartment, then he had to go and get it. He was holding it. He had it in his apartment. He was holding it when the men arrived. However, he was in his apartment, and it was these men who came to his apartment, and he let in his cousin and one of the men, and then the victim came in on his own. And I believe, again, looking in the larger context, and Your Honor, Judge Farris, you referred to the statement that he had said previously, what he thought he was allowed to do if someone came into his house tripping, was the statement. And I believe, again, while this specific issue was not certified by the district court, I believe the record shows that we made a substantial showing of the denial of a constitutional right because his attorney was not aware of that statement. And that is another example of the ineffectiveness that went throughout. I'm not suggesting he was because he suffered the consequences of coming in, but it showed the state of mind of the person who did the shooting, doesn't it? I mean, it may not show a state of mind, but it goes to showing a state of mind. All of the evidence, of course, Your Honor, went to show the facts of the case and the state of mind, but, of course, this was a split verdict, 10 to 2. And had there been one more person who could have been swayed that Mr. Gray acted in self-defense, then the jury would have been hung on the manslaughter count. And I believe, again, that's why it's so important, every single act of counsel, from opening statement until his concluding argument and closing argument in this case. Going back to the showing of prejudice. Somebody did a pretty good job because the jury took a long time to convict him of manslaughter, and there was no doubt the man was dead. Shot by one, and the dead man was unarmed at the time. Your Honor, I believe that the record also supports the conclusion that it took so long and that there was a split verdict, not because of the amazing representation of counsel, but because of the weakness of the case and the closeness of this case. And looking at all of the facts that took place over the days, trying to decide whether Mr. Gray, in responding to this very large man, who was in close proximity and who Mr. Gray testified lunged for the gun, and who the only other precipient witness to the actual reaching for the gun, in terms of visually seeing it, was Darren Gwinn. And that was my client's cousin. And Mr. Gwinn, while the testimony isn't perfectly articulate, says that the victim, Mr. Thomas, kind of stood up or moved up slightly, and that's when Gray discharged the gun. Yes, sir. We have a problem, and I think the problem is probably greater for you. The district court found that as to the additional witnesses that Gray wanted to call to testify to Marquise's aggressive nature, they either did not know Marquise recently or had provided other testimony harmful to Gray's case. And that finding was not unreasonable. Now, this is a state habeas case, right? If it's not unreasonable, aren't we bound by 2254? Isn't that the end of the case? Your Honor, I believe that we are not. It's not the end of the case because on this record, we've established that under D-1, the state court concluded unreasonably that there was no violation of Strickland v. Washington. And under D-2, in relation to the fact finding to which, Judge Beyer, you just referred, the state court record, if we look at the full trial transcript, as well as the deposition testimony by Mr. Gray and his defense counsel, Mr. Gray stated the names of the witnesses and to what they would testify to. When his attorney was deposed, the defense counsel said he wasn't sure he remembered. He thought that they had said things that hurt more than helped. But he couldn't recall, and he noted that he had three boxes of files on the floor, and he had not yet had time to look at them. And I believe that Mr. Gray's specific recollection compared to trial counsel's more vague generalization, that we can look to Mr. Gray's recollection in light of the fact that the state post-conviction trial court made no adverse credibility determination as to what Mr. Gray said. And additionally, what the other thing that state trial counsel provided us was corroboration, in part, of the availability of these witnesses, and that they wanted to help and were willing to help. I submit that in terms of what he said that's bad for us, that part is not, is based on a faulty recollection or at least one that's not very strong under the facts of this case and on this particular record. I'd like to resume. So you say that the finding by the state trial court judge was unreasonable under the facts, not it was objectively unreasonable? I believe that it was both, Your Honor. All right. Thank you. May it please the Court, Stephen Powers for the Superintendent. For purposes of state law, it is well settled that a post-conviction petitioner's testimony as a matter of law is insufficient to carry the burden on inadequate or ineffective assistance of counsel for failing to call a witness. Because petitioner in this case has only presented his own deposition testimony of what these character witnesses may have said, he has failed to provide a basis for relief. Moreover, under this Court's — Under state law. Under state law. And then under this Court's standard of review under 2254, the state post-conviction court's decision is not an unreasonable application or contrary to — Is there anything that says specifically that it couldn't be unreasonable because under the circumstances of a particular case? I'm not necessarily referring to this case. And I'm not sure the state's provision is one that the federal court is required to accept as a given. This is what I'm getting. Is there something that says we have to take that as a given? Well, both state law and federal law have said to prove a claim of inadequate assistance, you have to prove prejudice. And in proving prejudice, state law under the new case or Smith and in the Ninth Circuit under Wildman have said speculation is not enough to prove that prejudice. And so I think the state court's decision, the state post-conviction court's finding that petitioner's character evidence — that there wasn't two things, that petitioner's character evidence didn't want to — trial counsel didn't want to put petitioner's character evidence into play before the jury because he had prior domestic violence assaults is one that that's — that finding can't be or isn't, we suggest, contrary to or an unreasonable application of state law. Also, whether calling other witnesses for the victim's reputation for violence, there was a state post-conviction court finding that indeed trial counsel did in that there were two witnesses, and that's on the excerpt of record on page 85, Straub and Gwinn, that did testify to the victim's aggressiveness. So that's sort of a long way of coming back to answer your question that — which is that I don't think it's enough for us to say, look, the state has this doctrine of state law that says you need more than your own declaration or your own evidence. I think that it's not inappropriate to look at what else there is available in the record. And, I mean, you've just done that. You've talked about what actually happened at trial. So I just want to make sure that I don't think that your argument is limited to saying, we're stonewalled because the state's got this principle and we're bound to abide by it. I think we go on to look at whatever we have in our record. We still judge by the FTA standards, but we can still look at whatever is in the record, just because the petitioner only has his own declaration. Making his application doesn't end the case. Correct. Yes, and our argument is on both fronts and does go beyond that. And I think looking at Smith, as far as state law, how it operates, and New and Wildman are analogous to what we have here. In Smith, we had a police report. The post-conviction petitioner had a police report of what potential impeachment testimony of the victim. And that was deemed not enough to carry the burden to prove the ineffective assistance of counsel and claim. Similarly, in the Ninth Circuit, the Wildman case, the testimony of what arson experts would have testified to that did not, the evidence that was in the record didn't rise to the level enough to prove prejudice. So because that is the only certified claim, and given the 2254 standards, unless the Court has any other questions, Superintendent asks that you affirm the denial of habeas relief. Thank you. This Court's decisions regarding what is a sufficient showing of prejudice in Wildman and Grisby are distinguishable because they involved expert testimony. That is why it was speculative. The petitioner in that case had no basis to know with any certainty to what those experts would testify to. Here, character evidence is different. Mr. Gray was in the same community as the victim and these other witnesses. They were all friends. And he had the experiences, the shared experiences, so that he could testify as to their reputations in the community. This Court's decision in United States v. Berry is also distinguishable because in that case the petitioner, quote, offers no indication of what these witnesses would have testified to or how their testimony might have changed the outcome of the hearing. The same with Villafuerte v. Stewart. Petitioner there, quote, presented no evidence. And United States v. Schafflander, that case is completely distinguishable because in that case the petitioner claimed that his trial counsel was ineffective for failure to call 28 additional witnesses when trial counsel had already called, I believe it was 15, to say the same thing. I believe that federal law is distinguishable and the state is arguing for an unprecedented expansion of Wildman. Thank you, Your Honors. Thank you. I thank both counsel for their well-presented arguments. The case is submitted.
judges: Farris, Clifton, Bea